IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| MAREESE ROSE, | |
| Plaintiffs | CASE NO. 3:19CV215HTW-LRA |
| VERSUS | JUDGE: |
| | MAG. JUDGE: |
| HINDS COUNTY SHERIFF DEPARTMENT, in his official capacity as: Sheriff of the Hinds Sheriff Department, OFFICER JOHN DOE, in their individual and official capacity as police officers for Hinds County, | |
| Defendants | |

## COMPLAINT AND DEMAND FOR JURY

### INTRODUCTION

The Plaintiffs, **MAREESE ROSE**, by and through their attorneys, allege, upon information and belief, the following:

1. This is a civil action brought by the Plaintiffs, **MAREESE ROSE**, (hereinafter referred to as "Plaintiff"), to recover compensatory and punitive damages sustained as a result of the wrongful conduct of the Defendants, **HINDS COUNTY SHERIFF DEPARTMET, BRENT FERRELL, JAMES MYERS, VICTOR MASON**, in their official capacity as chief of police for the Petal Police Department, and **OFFICER JOHN DOE**, in his official and individual capacity as police officer for the City of Petal, (hereinafter referred to as "Defendants"), in connection with the defendants' violations of their rights secured by the Civil Rights Act of and 1871, 42 U.S.C. 1983, and right secured by Fourth, Fifth and Fourteenth Amendment to the United States Constitution and the Mississippi Constitution, personal injury laws of this state for the personal injury and wrongful death of Mareese Rose, use of excessive force, intentional infliction of emotional distress, false imprisonment, battery and assault.

### JURISDICTION AND VENUE

2. Essentially, this action is brought pursuant to 42 USC Section 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments. Both Jurisdiction and venue are properintheDistrictofMississippi.JurisdictionisconferreduponthisCourt28 U.S.C. 1331 and 1343, as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

3. Venue, pursuant to 28 U.S.C. Section 1391, is proper because a substantial part of the acts and/or omissions occurred in thisdistrict.

**PARTIES**

4. The plaintiffs, **MAREESE ROSE**, is a citizens and residents of Jackson, MS.

5. At all relevant times, Defendant **HINDS COUNTY SHERIFF** ("Defendant CITY"), is apolitical subdivision of the State of Mississippi with the capacity to sue and to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, and its agents and employees. At all relevant times, Defendant Hinds County Sheriff was responsible for assuring that the actions, omissions, polices, procedures, practices and customs of the Hinds County Sheriff and its employees and agents complied with the laws of the United States and of the State of Mississippi. At all pertinent times, City was the employer Brent Ferrell, James Myers, and Victor Mason.

6. The defendant **VICTOR MASON**("Defendant Mason"), Chief Law Enforcement Officer for the Hinds County Sheriff, and was and is responsible for the policies, practices, customs, procedures, deliberate indifference, and negligence of Defendant Officer Brent Ferrell, James Myer, and Victor Mason named herein. Defendant Mason is also responsible for the hiring,training,supervision,discipline,andcontrolofofficerpersonnelunderhis

command, which includes the defendants named and referenced herein. Defendant Mason is of full age of majority and upon information and belief a resident of the Southern District of Mississippi. He is sued in his official capacity. At all pertinent time herein, he was acting under color of law and in the course and scope of his employment with the Hinds County Sheriff ("HCS"). He was a policy maker for HCS relating to the practices, polices, customs, and procedures of deputies and administrative personnel.

7. Defendant **OFFICER BRENT FERRELL, JAMES MYER, AND VICTOR MASON**("Defendant Mason") is, upon information and belief, a person of the full and majority and a resident of the Southern District of Mississippi. At all pertinent times herein, they wereacting under the color of state law and in the course and scope of his employment with the HCS. They are sued in his official and individual capacities. The true name of Defendant Doe is unknown to the Plaintiff, and therefore sue Defendant Doe by such fictioucs name. Plaintiff will amend this complaint to allege his true name and capacity when ascertained. Plaintiff believes that Defendant Doe is legally responsible and liable for the incident, injuries and damages hereinafter set forth.

8. At all times material throughout this compliant, Defendants acted under color of state law, ordinance and/or regulation, and in the course and scope of their employment with HCS and engaged in the conduct describedherein.

## FACTUAL BACKGROUND

9. On or about November 24,2017, Mareese Rose was stopped by Hinds CountySheriffDepartment.

10. When asked why he was stopped he was told because he was swerving.

11. Once out the car he was taken directly to the back of an SUV where they read him his rights as it relates to DUI.

12. Plaintiff attempted three times to no avail and was taken in to the Sheriff Office.

13. Plaintiff was then taken to another location and was given the test again. He was then told he caused the machine to break.

14. Plaintiff was then taken to Raymond and placed in a holding cell and was given no phone call nor DUI test.

15. Afterward Plaintiff was escorted to a bus. Plaintiff was taken to the bus station and dropped off at three in the morning with no money and no phone.

16. Eventually all charges against Plaintiff were dropped.

17. At all material times herein, the Defendants had no cause, let alone probable cause or reasonable suspicion to arrest, charge and detain the plaintiffs. Their actions were based on malice and badfaith.

18. The conduct of the Defendants in assaulting, battering, using excessive and, falsely arrested

19. At all times relevant herein, the Defendants acted intentionally, willfully, maliciously and negligently, and with reckless disregard for and deliberate indifference to the Plaintiffs' rights and physical and mental well-being.

20. The actions of Defendants, as set forth herein, were the result of the failure of Defendant Victor Mason to properly train, supervise and discipline its officers, including Defendant Doe. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of the Defendant Victor Masonand the Hinds County Sheriff Office. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of theDefendants.

21. At all relevant times herein, Defendant Further, developed, implemented, enforced and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's' civil and constitutional rights which caused the violation of theirrights.

22. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of their constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United StatesConstitution.

23. The constitutional abuses and violations by Defendant Victor Mason, Brent Ferrell, and James Myerswere and are directly and proximately caused by polices, practices and/or customs developed, implemented, enforced encouraged and sanctioned by Hinds County Sheriff Office and Defendant Mason , including the failure to: (a) adequately supervise and train its deputies and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its sheriff deputies; (b) to properly and adequately monitor and discipline its deputies, including DefendantDoe.

24. Upon information and belief, Defendant Victor Mason, through Hinds County Sheriff,developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of using excessive and deadly force without legaljustification.

25. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff's of their civil and constitutionalrights.

26. Defendants have acted with deliberate indifference to the civil and constitutional rights of the Plaintiff. As a direct and proximate result of the acts as stated herein the Defendants, the Plaintiff's civil and constitutional rights have been violated which has caused them to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation andembarrassment.

27. Plaintiff is informed, believes and therein alleges that H.C.S officers exhibit a pattern and practice of using excessive force and/or deadly force against its citizens. H.C.S's failure to discipline or retrain any of the involved officers is evidence of an official policy, entrenched culture and posture deliberate indifference toward protecting citizens', like Maresse Rose, rights and his resulting death and injuries is a proximate result of H.C.S's failure to properly supervise its police officers and ratify their constitutionalconduct.

28. Plaintiff, upon information and belief, herein alleges that Defendant Hinds County Sheriff Office knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern, and/or practice of PPD.

## CAUSES OF ACTION

### COUNT I (42 U.S.C. 1983 and 4th, 5th and 14th Amendments)

29. The Plaintiffs re-allege and incorporate by reference herein the preceding complaint as though fully set forth therein.

30. That at all times hereinafter mentioned, the acts of the individual Defendants, under color of state law, in using excessive and deadly force, taken with deliberate indifference to Plaintiffs' rights, and were designed to, and did, cause specific and serious pain and suffering to the Plaintiff in violation of his constitutional rights as guaranteed by the Fourth, Fifth and Fourteenth Amendment of the U.S. Constitution. Moreover, through these actions, Defendants are liable for violation of 42 U.S.C. 1983, which prohibits the deprivation under color of state law of rights secured under the U.S. Constitution.

31. Defendant Doe's above-described conduct violated Maresse Rose right, as provided under the U.S. Constitution, to be free from excessive and/or arbitrary and unreasonable use of deadly force against him.

32. Plaintiff Maresse Rose was forced to endure great conscious pain and suffering because of the conduct of Defendant Doe's.

33. By their conduct, as described herein, Defendants are liable to the Plaintiffs under 42 U.S. C. 1983 for the violation, under color of state law, of the constitutional right to be free from any deprivation of liberty without due process of law under the fourth, fifth and fourteenth amendment. Defendant's acted under color of law by

by subjecting decedent to excessive force thereby depriving him of the said constitutionally protected rights and false imprisonment.

34. As a direct result of the defendants' unlawful actions, Maresse Rose has suffered, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### COUNT II (*Monell*Claim - 42 U.S.C. 1983)

35. Plaintiffs repeat and reiterated the allegations previously set forthherein.

36.   At all relevant times herein, Defendant Victor Mason and Hinds Count Sheriff Office developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the civil rights and constitutional rights of the Plaintiff, including the use of excessive and deadly force, that caused the violation of suchrights.

37. Despite having such notice, Plaintiff, upon information and belief, alleges that Defendant City, Defendant Victor Mason, Brent Ferrell, and James Myers and/or each of them, approved, ratified,condoned,encouraged,soughttocoverup,and/ortacitlyauthorizedthe

continuing pattern and practice of misconduct and/or civil rights violations by Hinds County Sheriff.

38. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiffs' rights under 42 U.S.C. 1983 and fourth, fifth and fourteenthamendment.

39. The unlawful conduct of the defendants was directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant Victor Mason, including, using excessive and deadly force, without legal justification, failing to adequately supervise and train his officers and agents including Defendant Doe, thereby failing to adequately discourage further civil and constitutional violation on the part of his officers, and failing to properly and adequately monitor and discipline his officers, including DefendantDoe.

40. As a direct result of the defendants' unlawful actions, Maresse Rose has suffered, damages including, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**COUNT III (Municipal liability - 42 U.S.C. 1983)**

41. Plaintiff Maresse Rose constitutional rights were violated.

42. The Hinds County Sheriff Office is also liable under 42 U.S.C. § 1983 for failing to supervise and train its police officers, and for overlooking and covering up officer misconduct. In addition, the Hinds County Sheriff Office had a general policy, pattern and/or practice of not disciplining police officers for their conduct, thereby sanctioning the police officers' actions, which amounted to a departmental policy of overlooking constitutional violations. The Hinds County Sheriff Officecf failure to supervise and train its police officers, and the City's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens'rights.

43. Additionally, counties may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the entity. Even if the counties practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. In the present case, the counties formal and informal actions in overlooking, hiding and/or tacitly encouraging police misconduct through other officers, the HCS, the HCSSheriff, including Defendant Victor Mason, reflect a policy, practice custom and procedure authorizing and allowing the use of excessive force that violated the civil rights of Maresse Rose. Consequently, the county is liable for harm caused to others, such as Plaintiffs, as a result of its policies, practices customs andprocedures.

44. Defendant county is liable for the constitutional torts of Defendant Doe because theCitysanctionedthefollowingcustoms,practices,andpolicies,includingbutnot

limited to, ignoring the serious need for training and supervision of its officers in regards to the use of force, failing to adequately supervise and/or observe its officers.

45. At the time of the arrest Defendant's was acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing police officer's excessive and deadly use offorce.

46. The unlawful conduct of the defendants was directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant Victor Mason, including, using excessive and deadly force, without legal justification, failing to adequately supervise and train his officers and agents including Defendant Doe, thereby failing to adequately discourage further civil and constitutional violation on the part of his officers, and failing to properly and adequately monitor and discipline his officers, including DefendantDoe.

47. As a direct result of the defendants' unlawful actions, Maresse Rose has suffered, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment,

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants in an amount that will compensate them for:

a. Violation of their rights under 42 U.S.C. 1983 and Fifth and FourteenthAmendment;

b. Compensatory damages including, but not limited to, any emotional distress, humiliation, reimbursement of compensable costs, and other compensatory damages permitted by law and according to proof attrial;

c. Awarding pre-judgment interest to thePlaintiffs;

d. Awarding the costs and the expenses of this litigation of thePlaintiffs;

e. Awarding reasonable attorneys' fees and costs to the Plaintiffs as provided by law; and

f. Granting all such other relief as Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so tried in this action.

Respectfully submitted,

/s/ JEFFERY HARNESS

Jeffery Harness,
#103757 Law Office of
Jeffery Harness, LLC
49 Chambliss St
Fayette, MS 39069
601-446-6769
Fax: 601-653-9611
Attorney for Plaintiff

**WAIVER OF SERVICE REQUESTED**