IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MAREESE ROSE**                                                                        **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 3:19-CV-215-HTW-LRA**

**HINDS COUNTY SHERIFF
DEPARTMENT, in his official capacity as
Sheriff of the Hinds Sheriff Department,
OFFICER JOHN DOE, in their individual
and official capacity a Police Officers for
Hinds County**                                                          **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is the *Motion for Judgment on the Pleadings* **[Docket no. 6]** filed by Defendant Hinds County Sheriff's Department ("HCSD"). HCSD, on April 21, 2020, filed its motion under Rule 12(c) of the Federal Rules of Civil Procedure[1], urging the Court to dismiss all claims against it in this matter. This court, noting a lack of response from Plaintiff Mareese Rose ("Plaintiff"), filed an *Order to Show Cause* on November 19, 2020, directing Plaintiff to respond to HCSD's motion within seven (7) days. [Docket no.16]. Plaintiff, thereafter, filed his *Response in Opposition to Motion for Judgment on Pleadings*, on Sunday, November 29, 2020. [Docket no. 17].

This court has considered HCSD's request that Plaintiff's response be struck as untimely, as it was filed more than seven (7) days after the court's Show Cause Order. [See Docket no. 18]. The court finds that the proposed deadline of November 26, 2020 fell on the federally recognized

---

[1] **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.
Fed. R. Civ. P. 12

holiday of Thanksgiving; therefore, Plaintiff's tardiness is excused on this occasion and his November 29, 2020 pleading is treated as timely filed.

This case arises out of Plaintiff's November 24, 2017 arrest and incarceration on a charge of Drinking Under the Influence. [Docket no. 1]. Plaintiff filed his Complaint on March 3, 2019, "to recover compensatory and punitive damages sustained as a result of the wrongful conduct of the Defendant, Hinds Count Sheriff Department, Brent Ferrell, James Myers, Victor Mason, in their official capacity[ies]". [Docket no. 1, p.1, ¶ 1]. He also sues Officer John Doe, in his/her official and individual capacities[2]. Plaintiff, by way of his Response in Opposition to HCSD's Motion for Judgment on the Pleadings, seeks to amend his Complaint to add Hinds County as a Defendant in this action "[i]f it is found that Plaintiff should have named Hinds County as a Defendant." [Docket no. 17, p. 2, ¶ 6].

For the reasons stated herein, this court grants Plaintiff's request to amend his Complaint, thereby effectively GRANTING IN PART and DENYING IN PART HCSD's Motion for Judgment on the Pleadings **[Docket no. 6].**

## DISCUSSION

A. **Plaintiff's Claims Against HCSD**

HCSD asserts that it is not a proper party defendant as it is not a political subdivision capable of being sued under the Mississippi Tort Claims Act ("MTCA"). [Docket no. 6]. Mississippi law defines a political subdivision is defined as:

---

[2] Confusingly, Plaintiff, at various places in his complaint, identifies the defendants as officers with the Petal, Mississippi Police Department. Also, in various places in his complaint, Plaintiff refers to the governmental entity at issue as "the city". Additionally, even though this lawsuit features but one plaintiff, Plaintiff's complaint often refers to "plaintiffs". Finally, at one place, Plaintiff contends he is urging claims under various constitutional amendments, including the Fourth Amendment; yet, in his prayer for relief, he omits any reference to the Fourth Amendment.

> [a]ny body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including but not limited to, any county, municipality, school district, community hospital as defined in § 41–13–10, Mississippi Code of 1972, airport authority or other instrumentality thereof, whether or not such a body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

Miss.Code Ann. § 11–46–1(i).

The Court of Appeals for the Fifth Circuit has recognized well-established Mississippi law holding that a sheriff's department is not a separate political subdivision. *Hearn v. Bd. of Sup'rs of Hinds County, Miss.,* 575 Fed. Appx. 239, 243 (5th Cir. 2014)(unpublished)(holding that the proper governmental entity to name as defendant in the suit was Hinds County, not the Hinds County Board of Supervisors or Hinds County Public Works). A department of a local governmental entity "must enjoy a separate legal existence" in order for it to be properly named as a defendant. *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991) (citations and internal quotation marks omitted). The Mississippi Supreme Court has explained that because language of the MTCA, as well as other pertinent statutory law and case law, show sheriff's departments are not political subdivisions within the meaning of the MTCA, the Bolivar County Sheriff's Department did not enjoy a separate legal existence in order to be properly named as a defendant. *Brown v. Thompson and The Bolivar County Sheriff's Dep't*, 927 So. 2d 733, 737 (Miss. 2006).

This court, in step with the guidelines provided by the Fifth Circuit and Mississippi Supreme Court, agrees with HCSD that, in the instant case, the Hinds County Sheriff's Department is not a proper party amenable to suit under the MTCA.

Case 3:19-cv-00215-HTW-LGI   Document 25   Filed 02/11/21   Page 4 of 5

Plaintiff, however, asserts that this case should not be dismissed because "[t]he present action is brought not pursuant to the MTCA, but pursuant to 42 U.S.C § 1983[3].

42 U.S.C. § 1983 creates a cause of action against a "***person***" who, under color of [law…] subjects […] any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws […]"(emphasis added). The Supreme Court has ruled that a State is not a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). HCSD, as an arm of the State of Mississippi, is not a "person" under § 1983; accordingly, Plaintiff's Complaint also fails to state a valid claim under § 1983 against HCSD. The Hinds County Sheriff's Department is not a political subdivision amenable to suit; therefore, this court hereby dismisses Plaintiff's claims against defendant HCSD.

B. **Plaintiff's Motion to Amend Complaint**

Federal Rule of Civil Procedure 15(a)[4] directs that leave to amend "shall be freely given when justice so requires." *Dussoy v. Gulf Coast Investment Corp.*, 660 F.2d. 594, 598 (5th Cir. 1981). The Fifth Circuit explains that "unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*.

---

[3] Section 1983 provides, in pertinent part, "[e]very *person* who, under color of [state law], subjects . . . any citizen . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

[4] Fed.R.Civ.P. 15(a) states:

(a) **AMENDMENTS BEFORE TRIAL**.
(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later

4

Rule 15(a) does not establish a time limit for amending a complaint before trial; instead, the Fifth Circuit has held that the trial court should consider five factors when determining whether to allow a plaintiff to amend the complaint: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies in previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). This court has considered the foregoing factors and finds that Plaintiff should be granted leave to amend his Complaint to name Hinds County, Mississippi as a defendant. This court, as stated *supra*, having excused Plaintiff's untimely response, therefore, finds no undue delay. This is Plaintiff's first request to amend his Complaint, and HCSD will not be unduly prejudiced by this court's decision to allow said amendment.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant Hinds County Sheriff's Department's Motion for Judgement on the Pleadings is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against Defendant HCSD are dismissed; however, Plaintiff is hereby granted a period of seven (7) days to file his amended Complaint, naming Hinds County, Mississippi as the proper party defendant in this matter.

SO ORDERED, this the 11th day of February, 2021.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE